IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| GEORGE SAMIR WASSOUF § § Petitioner, § § v. § § ROBERT JOILCOEUR, *et al.* § § Respondents. § | EP-08-CV-290-KC |

## ORDER

On this day the Court considered Petitioner's Emergency Motion to Reopen Petition for Writ of Habeas Corpus Based on Special, Extraordinary Circumstances and Newly Discovered Evidence ("Motion") (Doc. No. 11), as well as Respondents' Response to it (Doc. No. 14). For the reasons set forth below, the Motion is **DENIED**. Petitioner's Motion for Leave to File Response in Excess of Ten Pages (Doc. No. 16) is **GRANTED**. Petitioner's Motion for Extension of Time (Doc. No. 13) is **DENIED AS MOOT**.

I.     BACKGROUND

Petitioner George Samir Wassouf ("Wassouf") was admitted to the United States in 1988 as a legal permanent resident. Mot. ¶ 8; Resp. 1. In November 2001 Wassouf pleaded guilty to one count of bank fraud, in proceedings held before the United States District Court for the District of New Hampshire. *See* Mot. ¶¶ 9-10; Resp. 1; Resp. Ex. E ("N.H. Crim. J.") (Doc. No. 14-3 at 6). He was sentenced to 33 months of imprisonment, a term of supervised release, and ordered to pay approximately $250,000 in restitution to various New England banks. Resp. 2-6. After serving his prison term, Wassouf was detained by the immigration authorities on a number of occasions and given several different immigration hearings. *See* Mot. ¶¶ 11-15; Resp. 1. Of particular importance here, Wassouf was served on Decmeber 12, 2006, with a Notice to Appear in removal proceedings. *See* Resp. Ex. F ("Notice to Appear") (Doc. No. 14-3 at 12). Wassouf was subsequently ordered removed to Syria, and on December 3, 2007 his application to withhold or defer removal was denied. Resp. 1; *see also* Order of the Immigration Judge, Resp. Ex. G (Doc. No. 14-3 at 15). Over

the next several months, apparently while in custody in the El Paso area awaiting deportation, Wassouf sought multiple instances of review by the Board of Immigration Appeals and the Fifth Circuit Court of Appeals, all of which were unavailing.  *See* Resp. Exs. H-K (Doc. No. 14-4 at 1-9). On July 30, 2008, Wassouf filed a Petition for a writ of habeas corpus with this Court, challenging his continued detention without bond.  *See generally* Expedited Petition for a Writ of Habeas Corpus and Release from Detention on Bond ("Habeas Petition") (Doc. No. 1).  While the Habeas Petition was pending, Respondents gave notice to the Court that Wassouf was to be deported at the end of August 2008.  *See* Advisory to the Court 2 (Doc. No. 4).  Wassouf was duly removed from the United States to Syria on August 24, 2008.  *See* Mot. to Dismiss 1 (Doc. No. 8).  The Court then dismissed Wassouf's Habeas Petition as moot, because he was no longer being held in custody by the government.  *See* Order, Sept. 3, 2008 (Doc. No. 9).

On April 9, 2010, while in Syria, Wassouf filed his Motion to Reopen his Habeas Petition. *See generally* Mot.  Respondents filed a Response to the Motion to Reopen, opposing it on various grounds.  *See generally* Resp.  Wassouf has also requested an extension of time to file a reply on this subject.  *See* Mot. for Ext. of Time.  However, before the original deadline passed, Wassouf filed a Motion for Leave to File excess pages containing his proposed Reply (Doc. No. 16-1).

**II.    DISCUSSION**

    **A.    Standard**

Subject-matter jurisdiction is "the authority of the court to adjudicate the type of controversy involved in the action."  *Carlisle v. United States*, 517 U.S. 416, 434-35 (1996) (Ginsburg, J., concurring) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 11 (1982)).  "The district courts of the United States . . . are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (internal quotation omitted).  Because the presence of subject-matter jurisdiction "is mandatory for an action in federal court," a case must be dismissed if jurisdiction is lacking. *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995); *see also* FED. R. CIV. P. 12(h)(3).

Subject-matter jurisdiction must be addressed before other challenges, "since the court must find jurisdiction before determining the validity of a claim."  *Moran v. Kingdom of Saudi Arabia*,

27 F.3d 169, 172 (5th Cir. 1994).  However, a court should "consider[] more extensively the merits of the controversy" when "[t]he jurisdictional and substantive issues are factually meshed." *Spector v. L Q Motor Inns, Inc.*, 517 F.2d 278, 284 (5th Cir. 1975); see also *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 646 n.11 (5th Cir. 2002) (reviewing substantive issues when "critical to [the] adjudication" of jurisdiction). "[T]he trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 150 (5th Cir. 2004).  Finally, dismissals for lack of jurisdiction are not on the merits and are therefore without prejudice.  *See*, *e.g.*, *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996); *see also Verret v. Elliot Equip. Corp.*, 734 F.2d 235, 238 (5th Cir. 1984).

A court reviews pro se pleadings under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  At the same time, however, parties proceeding pro se are still required to provide sufficient facts in support of their claims.  *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).  Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).

**B.     Analysis**

Wassouf's Motion to Reopen can be construed in four distinct ways, but under any of these constructions this Court lacks subject-matter jurisdiction over the dispute and will therefore not reopen this case.

**1.     Attack on detention without bond**

Wassouf's original Habeas Petition challenged his continued detention by the immigration authorities, in an El Paso area facility, and the decision to deny him a release on bond while his immigration proceedings and appeals were pending.  *See* Habeas Petition 1.  As Wassouf is now living in Syria[1] this claim is moot.  Any attempt to reopen it is pointless, because the Court cannot

---

[1] There is no basis for any belief that he is in custody in Syria, and thus in constructive custody on account of any United States government actions, notwithstanding Wassouf's empty invocation of the doctrine of constructive custody.  *See* Reply

grant him anything more than he now has – freedom from incarceration in a United States detention facility.  *See* Order, Sept. 3, 2008.  Disputes rendered moot due to a plaintiff's receipt of requested relief are subject to dismissal for lack of jurisdiction.  *Withrow v. Miller*, 348 F. App'x 946, 948-49 (5th Cir. 2009) (citing *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990)).  The Court will therefore not reopen Wassouf's case on this theory.

### 2.      Collateral attack on removal order

Wassouf may also be seeking to reopen his Habeas Petition and amend his claims to collaterally attack his removal order and thereby re-establish his right to be present inside the United States.  *See* Mot. ¶ 41.  Federal district courts at one time had jurisdiction to consider habeas corpus petitions made by aliens subject to deportation, which served as opportunities to review the underlying removal orders for errors of law or violations of constitutional rights.  *See*, *e.g.*, *Zalwadia v. Ashcroft*, 371 F.3d 292, 295-96 (5th Cir. 2004).  The REAL ID Act of 2005, however, altered that jurisdictional scheme, and made it clear that judicial review of removal orders and administrative appeals of removal orders, for errors of law or violations of constitutional rights, are to flow directly to the relevant circuit court of appeals, and not to the district courts.  *See Grass v. Gonzales*, 418 F.3d 876, 878-79 (8th Cir. 2005).

Wassouf has had his day(s) in court, to the extent that he has sought review of his removal order from the Fifth Circuit on multiple occasions.[2]  *See* Resp. Exs. H-K.  He has also filed related

---

¶18.

[2]   His argument against his deportability appears to be that his New Hampshire bank fraud guilty plea should be set aside because he was not warned of the collateral immigration consequences that would attend such a plea, or because it was not voluntary due to certain of his mental health defects.  *See United States v. Wassouf*, No. 03-2602 (1st Cir. Sept. 13, 2005) (rejecting these arguments on direct appeal of his bank fraud conviction).  While *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), may be relevant to Wassouf's alleged failure to be warned of the immigration consequences of his guilty plea, this Court cannot sit in direct review of his District of New Hampshire criminal case.  Instead, the *Padilla* doctrine must be applied by a court empowered to directly review that case.

Wassouf also complains of a number of alleged misdeeds on the part of the immigration authorities in connection with the procedures they followed when

cases in numerous other courts.  Resp. 2-5.  All these attempts have met with a distinct lack of success, however, generally based on the fact that these petitions and appeals have either been cumulative, beyond the jurisdiction of the courts in which they were filed, or were filed too late under the relevant deadlines.  *Id*.  The Court is without jurisdiction to reopen this case in order to collaterally review the legality or correctness of Wassouf's removal order itself.

### 3. Readmission to the United States for the purpose of pursuing appeals

Wassouf also appears to be seeking relief from this Court in the form of permission to re-enter the United States for the purposes of pursuing further appeals of his removal order, with other courts and authorities which may have more jurisdiction than this one to conduct such a review. *See* Mot. ¶ 41 (seeking permission to enter and "remain within the United States while [Wassouf] re-seeks and re-files any new appeals and petitions[] with all of the appropriate courts.").  He cites alleged misconduct and irregularities in the course of his initial removal proceedings as justification for this, arguing that, had these irregularities not occurred, he would not have been deported while his litigation efforts were ongoing.  *See* Mot. ¶¶ 12-20.  The Court, however, is not aware of any legal basis for fashioning a remedy of returning a deported alien to his *status quo ante*, by flying him back to the United States, simply for his convenience in pursuing further litigation.  Moreover, as the present proceedings demonstrate, Wassouf has overcome his difficulties in accessing the United States court system and is at least adequately capable of making use of it from his current residence in Syria.  Accordingly, the Court finds that it lacks subject matter jurisdiction as to this facet of Wassouf's Motion.

### 4. Tort claims for alleged misdeeds

Wassouf makes various allegations of misconduct incident to his treatment by the immigration authorities during his removal proceedings.  *See* Mot. ¶¶ 12-20.  This could form the basis of a colorable tort claim under the Federal Tort Claims Act ("FTCA").  *See* 28 U.S.C. §§ 1346(b), 2674.  To pursue such a claim in court, however, the claimant must first present the

---

conducting his removal proceedings.  *See* Mot. ¶¶ 12-20.  It is unclear, however, as to how any of these allegations affect the central issue surrounding his eligibility for deportation; that is, his conviction for bank fraud.

claim to the relevant administrative agency and suffer a denial of that claim. *See* 28 U.S.C. § 2675. Wassouf has not even averred that he presented his claim for monetary damages to the relevant administrative agency. Until such presentment and rejection takes place, any claim for damages is beyond the jurisdiction of this Court. *See In re Katrina Canal Breaches Litig.*, 345 F. App'x 1, 3 (5th Cir. 2009) (citing *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981)). The Court will therefore not reopen the case on this basis either.

### III.   CONCLUSION

For the reasons set forth above, the Court finds that it lacks subject-matter jurisdiction as to any of the possible theories under which Wassouf may be seeking to reopen the instant case. Accordingly, the Motion is **DENIED**.

**SO ORDERED**.

**SIGNED** on this 1st day of June 2010.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE